# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **NORTH STAR SCIENTIFIC SOLUTIONS, LLC**<br>Plaintiff,<br><br>v.<br><br>**MICHIGAN HEALTH CLINICS,**<br>Defendant. | § § § § § § § § § § § § | **CIVIL ACTION NO. 1:24-cv-00541**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

Plaintiff, North Star Scientific Solutions, LLC ("North Star" or "Plaintiff") files this Original Complaint against Michigan Health Clinics, LLC ("MHC" or "Defendant"). Both Plaintiff and Defendant will be collectively referred to as the "Parties" and Plaintiff would respectfully show the Court as follows:

## I. NATURE OF ACTION

1. This is an action for breach of contract. Plaintiff has also asserted other additional causes of action, which are discussed in greater detail below.

2. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331(a). Defendant Michigan Health Clinics is a domestic professional corporation with its principal place of business in Michigan. Plaintiff is a limited liability company with its principal place of business in Colorado.

3. This Court has personal jurisdiction over Defendant as Defendant is in and carries on its business in the State of Colorado. Defendants are parties to contracts executed in Colorado, including but not limited to consulting agreements.

4. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the district.

## II.   PARTIES

5. Plaintiff, North Star Scientific Solutions is a Colorado limited liability company with its principal place of business located at 1204 Washington Ave. Unity 7 Golden, Colorado 80401.

6. Defendant, Michigan Health Clinics, P.C. is a domestic professional corporation organized under the laws of the State of Michigan and may be served through its registered agent, David Stockman, at 5805 McCarty Rd. Saginaw, Michigan 48603, or wherever he may be found.

## III.   FACTUAL BACKGROUND

7. Defendant, MHC, is engaged in the cannabis industry and Plaintiff provides various consulting services to companies in that industry. MHC sought out the services of Plaintiff to develop a detailed project plan for the setup and implementation of cannabis testing services per the Michigan Cannabis Regulatory Agency (formerly the Michigan Marijuana Regulatory Agency).

8. On June 8, 2021, the Parties entered into a consulting agreement (the "Agreement"). *See* Exhibit 1. The Agreement consisted of three (3) phases: Phase 1, Phase 2, and Phase 3 outlined in Addendums A-D. *See* Exhibits 2, 3, 4, and 5. Under the Agreement and its Addendums Plaintiff's main focus was to do consulting work for MHC to enable them to obtain their cannabis testing license in Michigan.

9. On April 7, 2022, the Parties executed Addendum D to the Agreement, *See* Exhibit 5, detailing the consulting services that Plaintiff would render to MHC under the final phase of the Agreement, Phase 3. The Addendum also outlined compensation terms and fee structure, which Defendant failed to honor.

10. Payments to Plaintiff, as clearly stated in the Agreement and its Addendums, began to slow down towards the end of 2022. Around February of 2023, Defendant MHC, made a payment of approximately $50,000.00 to settle its overdue invoices.

11. Between February and July of 2023, MHC assured Plaintiff that payments would improve after obtaining its license, leading Plaintiff to continue to work in good faith. MHC received its license in July of 2023, yet outstanding invoices persisted. *See* Exhibit 6 - Invoice Summary.

12. After enduring months of unfulfilled promises and communication breakdowns, Plaintiff reached out to Defendant again regarding payment. Defendant promised to remit $10,000 to $15,000 but failed to fulfill this commitment. *See* Exhibit 7.

13. The end of Plaintiff's communication with Defendant was on or about October 28, 2023, wherein Plaintiff sought reassurance about pending payments, only to receive another empty promise from Defendant. *See* Exhibit 8. Today, the outstanding invoices amount to $101,441.22 including the 5% late fee. *See Again* Exhibit 6 - Invoice Summary.

14. Plaintiff, by and through its counsel, sent a demand for payment to Defendant outlining the overdue invoices and the amount due. *See* Exhibit 9 - Demand Letter. Despite repeated attempts, Defendant's consistent lack of response has compelled Plaintiff to file this Complaint.

15. Today, Defendant sits with its cannabis lab testing license, achieved through Plaintiff's diligent work under the Agreement, yet without compensating Plaintiff for their efforts, disregarding the Agreement and its Addendums.

//

//

//

## IV. CAUSES OF ACTION

*Count One: Breach of Contract*

16. Plaintiff hereby adopts and re-allege each and every allegation previously set forth in this Petition as if fully set forth herein. FED. R. CIV. P. 10(c).

17. To bring a breach of contract claim, a plaintiff must show: (1) there is a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach.

18. Plaintiff and Defendant entered into valid, binding, and enforceable written contract on or about June 8, 2021, wherein Defendant represented that they were seeking Plaintiff's consulting services; Defendant was willing to compensate Plaintiff for its consulting services; and that Defendant was capable of compensating Plaintiff for its services.

19. Plaintiff fully performed under the contract by tendering the consulting services stipulated under the Agreements.

20. Defendant breached the Agreement and its Addendums by failing to uphold their end of the compensation obligations as stated under the Agreement.

21. Plaintiff has suffered injury due to Defendant's breach.

22. Plaintiff is entitled to recover actual damages and attorney's fees as a result of Defendant's breach of contract.

*Count Two: Unjust Enrichment*

23. Plaintiffs hereby adopt and re-allege each and every allegation previously set forth in this Petition as if fully set forth herein. FED. R. CIV. P. 10(c).

24. Plaintiffs assert that Defendant was unjustly enriched by the professional services rendered, to the impoverishment of Plaintiff, that Plaintiff remains unpaid without justification, and that Plaintiff is entitled to recover under the doctrine of unjust enrichment, which is recognized

in law and jurisprudence, all amounts owed to Plaintiff, along with expenses, court costs, and attorneys' fees allowable under the law.

## V. ATTORNEYS' FEES AND DAMAGES

25. Plaintiff hereby adopts and re-allege each and every allegation previously set forth in this Petition as if fully set forth herein. FED. R. CIV. P. 10(c).

26. Plaintiff is entitled to reasonable attorney's fees in a breach of contract suit.

27. Plaintiff also seeks reasonable attorney's fees, litigation expenses, and costs pursuant to Section 10.10 of the Agreement as shown below.

> 10.10. **Attorneys' Fees for Prevailing Party.** If any litigation or other Proceeding is brought to enforce or interpret the terms of this Agreement or any other agreement delivered in connection herewith, the Prevailing Party shall be entitled to recover all fees, costs and expenses related thereto from the non-Prevailing Party or non-Prevailing Parties, including but not limited to reasonable attorneys' and accounting fees, costs and expenses. For purposes of the prior sentence, the "Prevailing Party" means the Party whose position is substantially upheld in a final judgment rendered in such litigation or other proceeding, or, if the final judgment is appealed, that Party whose position is substantially upheld by the decision of the final appellate body that considers the appeal.

## VI. JURY DEMAND

28. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein. FED. R. CIV. P. 10(c).

29. Plaintiff respectfully demands the right to have a trial by jury and has tended the appropriate jury fee to the Clerk of Court for the U.S. District Court for the District of Colorado.

## VII. PRAYER

**WHEREFORE,** Plaintiff prays that Defendant be cited to appear and answer, and after trial and hearing, Plaintiff be granted the relief requested herein, specifically the following:

(a) Actual damages;
(b) Exemplary damages;
(c) Pre-judgment interest;
(d) Attorneys' fees;
(e) Costs of suit;
(f) Post-judgment interest; and

(g) Such other and further relief to which Plaintiffs may show themselves justly entitled at law or in equity.

Respectfully submitted,

**THE VETHAN LAW FIRM, P.C.**

By: /s/ *Charles M.R. Vethan*
    Charles M.R. Vethan
    Texas Bar No. 00791852
    820 Gessner Road, Suite. 1510
    Houston, Texas 77024
    Telephone: (713) 526-2222
    Facsimile: (713) 526-2230
    Email: edocs@vethanlaw.com

***Attorneys for Plaintiff***